IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EARL CASTLE, SR., § | | |
| TDCJ No. 1976856, § | | |
|    Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. |
| § | | 3:18-CV-0016-D (BH) |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
|    Respondent. § | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice.

**I.  BACKGROUND**

James Earl Castle (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner was convicted of aggravated assault with a deadly weapon in Cause No. F-1371038 in Criminal District Court No. 4 of Dallas County, Texas, on December 17, 2014, and sentenced to 15 years' confinement. (*See* doc. 3 at 2[1]); *see* www.dallascounty.org (search for petitioner by Cause No.). He did not appeal. He filed an initial state habeas application, which was signed on March 30, 2015 (*see* doc. 14-2 at 21), received by the state court on May 18, 2015, and

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

denied on June 3, 2015. *See Ex parte Castle*, WR-83,298-01 (Tex. Crim. App. June 3, 2015). Petitioner filed a second state habeas application, which was signed on October 26, 2015 (*see* doc. 14-18 at 24), received by the state court on May 12, 2016, and denied on July 26, 2017. *See Ex parte Castle*, WR-83,298-02 (Tex. Crim. App. July 26, 2017).

Petitioner's federal habeas petition, received on January 3, 2018, states that it was placed in the prison mail system on December 28, 2017. (*See* doc. 3 at 17.)  He claims that:

(1) Trial counsel was ineffective by:

   a. failing to file a notice of appeal;
   b. failing to hire an investigator; and
   c. failing to file an affidavit in Petitioner's state habeas proceedings

(2) Petitioner's arrest warrant was invalid;

(3) The prosecutor committed trial error by incorrectly stating the victim had signed a victim statement;

(4) The trial court erred during Petitioner's state habeas proceeding by:

   a. failing to order Petitioner's trial counsel to file an affidavit in the state habeas proceeding; and
   b. failing to hold an evidentiary hearing and issue findings of fact and conclusions of law.

(*See* doc. 3 at 6-7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major

changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**A.     Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims 1(a) and (b), 2, and 3 either became known or could have become known prior to the date his judgment became final.[2] Because he did not appeal the trial court's December 17, 2014 judgment, it became final thirty days later, on January 16, 2015. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). Petitioner therefore had until January 16, 2016, to file his federal habeas petition, absent any tolling of the statute of limitations.

---

[2]  Petitioner has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

B.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first state habeas application was signed and deemed mailed on March 30, 2015, and it was denied on June 3, 2015. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). The limitations period was tolled for 66 days while Petitioner's first state application was pending. His second state habeas application was signed on October 26, 2015, and it was denied on July 26, 2017, so his limitations period was tolled for an additional 640 days. Because the limitations period was tolled for a total of 706 days while Petitioner's two state applications were pending, his § 2254 petition was due no later than December 22, 2017. Petitioner's § 2254 petition is deemed filed on December 28, 2017, the date it was mailed.[3] It is therefore untimely.

C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner contends his claims are not time-barred because his second state habeas application is still pending, so his one-year limitations period "never expired." (doc. 16 at 2, 6-7). The Texas Court of Criminal Appeals denied his second habeas petition without written order on July 26, 2017, however. *See Ex parte Castle*, WR-83,298-02 (Tex. Crim. App. July 26, 2017) (http://search.txcourts.gov/Case.aspx?cn=WR-83,298-02&coa=coscca).

Petitioner additionally contends his limitations period should be tolled because his trial attorney failed to file a direct appeal. He has not shown how this prevented him from timely filing his federal habeas petition. He either knew, or could have known, that his trial attorney failed to file

5

a direct appeal prior to the start of the limitations period. Ignorance of the law and lack of knowledge about the filing deadlines does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Petitioner has not demonstrated "rare and exceptional circumstances" required for equitable tolling. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Petitioner's claims 1(a) and (b), 2, and 3 should be dismissed as time-barred.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In claim 1(c), Petitioner argues trial counsel provided ineffective assistance by failing to file an affidavit with the court in his state habeas proceeding.

Petitioner's trial counsel was no longer representing Petitioner at the time he was pursuing state habeas relief. He could therefore not have provided ineffective assistance. Moreover, even if he had still been representing Petitioner, the Fifth Circuit has clearly held "that there is no constitutional right to competent habeas counsel." *Ogan v. Cockrell*, 297 F.3d 349, 357 (5th Cir. 2002). This claim does not entitle Petitioner to relief and should be dismissed.

### IV. STATE HABEAS COURT ERROR

Petitioner additionally claims the trial court erred in his state habeas proceedings by failing to order his trial counsel to file an affidavit and by failing to hold an evidentiary hearing and issue findings of fact and conclusions of law. It is well settled that "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir.1984); *see also, Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted). His claims in his fourth ground should also be **DENIED**.

## V. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice.

**SIGNED** on this 26th day of November, 2018.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE